IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CRAIG WILLIAM BROWN,** | )<br>) |
| Plaintiff, | ) Case No. 7:16CV00290<br>) |
| v. | ) **OPINION**<br>) |
| **G. HOLLOWAY, ET AL.,** | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*Craig William Brown, Pro Se Plaintiff.*

The plaintiff, Craig William Brown, filed this pro se Amended Complaint under 42 U.S.C. § 1983, asserting that the defendants violated his constitutional right to access to the courts. I conclude that the Amended Complaint must be summarily dismissed.

I.

At the time of the events at issue, Brown was incarcerated at Wallens Ridge State Prison ("Wallens Ridge"), a prison facility operated by the Virginia Department of Corrections ("VDOC"). On September 20, 2012, the Supreme Court of Virginia issued its final disposition of Brown's direct appeal. Brown had already completed a draft of a petition for writ of habeas corpus on August 5, 2012, but he was unable to procure typing services through Wallens Ridge at that time. In February 2013, his counselor provided him with names of typing services. After

sending numerous letters asking about pricing, Brown hired a service to type his petition in September 2013 and prepared it for mailing to the Supreme Court of Virginia.

Under VDOC Operating Procedure ("OP") 803.1, prison officials are required to advance limited funds to indigent inmates for mailing legal documents to the courts. In 2013, Wallens Ridge officials allegedly capped those funds at the equivalent of ten first-class stamps per week. On September 20, 2013, Brown completed and signed a form asking for a postage advance, and his counselor delivered the form and three copies of Brown's habeas petition to the mailroom for mailing to the Supreme Court of Virginia. Over the next ten days, however, mailroom staff returned Brown's mailing to him several times, based on disagreements about his remaining postage allowance, whether he had exceeded his postage allowance, and the amount of postage required to mail the petition. As a result, Brown's petition was not actually mailed until early October. Ultimately, the Supreme Court of Virginia dismissed the petition as untimely filed. *See* Va. Code Ann. § 8.01-654(A)(2) (requiring that habeas petition challenging criminal conviction "be filed . . . within one year from . . . final disposition of the direct appeal in state court").

In addition to raising complaints about problems preparing and mailing his habeas petition, Brown complains generally about the assistance Wallens Ridge

-2-

Case 7:16-cv-00290-JPJ-RSB   Document 19   Filed 10/21/16   Page 2 of 7   Pageid#: 160

provides to inmates in preparing legal pleadings. He contends that the current system of providing inmates with copies of cases is inadequate and that he should be allowed to access a proper law library. He also complains that the legal postage limits for indigent inmates are too low; that the institutional attorney is slow to respond to requests for assistance and will not draft pleadings; that the law librarian is "not trained as a paralegal" and cannot offer legal assistance or aid in drafting pleadings; and that he cannot "Shepardize" cases and sometimes cannot access a case because he does not have the proper citation for it. (Am. Compl. 15-16, 18-19, ECF No. 18.) Finally, Brown complains that Wallens Ridge staff members have failed to provide him with copies of a "six months statement of [his] trust funds" to attach to applications to proceed in forma pauperis in various court proceedings, including a certiorari petition to the Supreme Court, a petition for a writ of coram nobis in the state court, and the present lawsuit. (*Id.* at 10-12.)

II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). In deciding whether to dismiss a claim, a judge must "accept[ ] all well-pleaded allegations in the plaintiff's complaint as true and draw[ ] all reasonable factual inferences . . . in the plaintiff's favor." *Slade v.*

*Hampton Roads Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005). In addition, the allegations in a pro se complaint are to be liberally construed to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). To survive dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013) (applying *Iqbal*'s standard to review of claims under § 1915A). Under 42 U.S.C. § 1983, an aggrieved party may file a civil action against a person for actions taken under color of state law that violate his federal constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Because Congress did not set time limits for filing a § 1983 action, such cases are uniformly governed by the statute of limitations applicable to general personal injury actions in the state where the tort allegedly occurred. *Owens v. Okure*, 488 U.S. 235, 240-41, 250 (1989). Under Virginia law, a general personal injury action must be commenced within two years from the date on which the claim accrued. *See* Va. Code Ann. § 8.01-243(A). This two-year limitation statute applies to a prisoner's § 1983 claims concerning conditions of confinement. *See Shelton v. Angelone*, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001) ("Clearly, a

-4-

Case 7:16-cv-00290-JPJ-RSB   Document 19   Filed 10/21/16   Page 4 of 7   Pageid#: 162

prisoner's claims under § 1983 that prison conditions . . . violate his constitutional rights are analogous to the type of personal injury claims under Virginia law to which § 8.01-243.2 applies"), *aff'd*, 49 F. App'x 451 (4th Cir. 2002) (unpublished), *cert. denied*, 538 U.S. 964 (2003). It is well established that a § 1983 claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). When the court finds it clear from the face of the complaint that the plaintiff's claims are time barred, the court may summarily dismiss the action as frivolous under § 1915A(b)(1). *Id.* (applying earlier version of 28 U.S.C. § 1915(d)).

I find it plain from Brown's submissions that he waited too long to file § 1983 claims based on his problems getting his state habeas petition typed and mailed to the Supreme Court of Virginia. Brown knew by October 2013 that these problems had allegedly contributed to his failure to file his state habeas petition within the one-year time limit set out in § 8.01-654(A)(2). However, he waited more than two years to bring this § 1983 action, which he filed in May 2016. Accordingly, these claims are time barred under § 8.01-243(A), and I must summarily dismiss them as frivolous under § 1915A(b)(1).

I also conclude that Brown's continuing complaints about the Wallens Ridge policies governing court access assistance for inmates must be summarily

-5-

Case 7:16-cv-00290-JPJ-RSB   Document 19   Filed 10/21/16   Page 5 of 7   Pageid#: 163

dismissed as without merit. Inmates have a constitutional right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350-53 (1996); *Bounds v. Smith*, 430 U.S. 817, 828 (1977). An inmate states no actionable § 1983 claim for denial of this right, however, without stating facts showing that the challenged prison policy or official action has actually "hindered his efforts to pursue" a non-frivolous legal claim. *Casey*, 518 U.S. at 351.

Specifically, the plaintiff must identify in his complaint a "nonfrivolous," "arguable" legal claim, along with the potential remedy that claim sought to recover, that was lost as a result of the defendant's alleged interference with the plaintiff's right of access. *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002) (quoting *Casey*, 518 U.S. at 353). Absent identification of a lost claim and its arguable merit, the plaintiff has not shown that he "suffered injury by being shut out of court." *Id.* at 415. An amended complaint that fails to make these required showings is properly dismissed for failure to state a claim. *Id.* at 417-18.

At most, Brown's Amended Complaint alleges that he has had difficulty researching issues, obtaining assistance from the institutional attorney, and obtaining copies of financial information to allow him to apply to proceed in forma pauperis. Brown does not identify the nature of any particular claim he has been unable to pursue as a result of the alleged problems with the Wallens Ridge policies. Accordingly, I cannot find that he has alleged that he has lost the

opportunity to litigate any nonfrivolous, arguable claim. Thus, his § 1983 claims about the current Wallens Ridge policies and practices regarding inmates' access to legal materials must be summarily dismissed under § 1915A(b)(1) for failure to state a claim.

### III.

In conclusion, I must summarily dismiss with prejudice Claims One and Three, regarding Brown's state habeas petition, as time barred under state law and therefore frivolous under § 1915A(b)(1). I will summarily dismiss without prejudice the remaining claims.

A separate Order will be entered herewith.

DATED: October 21, 2016

/s/ James P. Jones
United States District Judge